NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KRISTEN JOI SUGGS, *Appellant.*

No. 1 CA-CR 14-0739
FILED 12-15-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-420106-001
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**JUDGMENT AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

----

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

----

**J O H N S E N**, Judge:

¶1　　　　Kristen Joi Suggs appeals her convictions and resulting sentences for leaving the scene of a fatal accident, a Class 3 felony, and two counts of driving or actual physical control of a vehicle while under the influence of intoxicating liquor or drugs, Class 1 misdemeanors.　For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Suggs was driving when her car hit a pedestrian; she drove on for several blocks before she stopped and eventually called police.　In a recorded interview several hours later, Suggs told police an unknown object struck her windshield.　She also admitted she drank alcohol before the accident.

¶3　　　　Before trial, Suggs requested that the court ask the jury pool the following questions during *voir dire*:

> Is there anyone here who suffers from asthma or other breathing issues?　Alternative.　Is there anyone here who believes that some people who claim to have breathing problems exaggerate those breathing problems when it is to their benefit?　For example, where they wish to avoid some stressful event like a test, difficult exercise, work assignments, etc.

Suggs argued the proposed questions would allow her to identify any potential juror who might be inclined to conclude Suggs was lying because of a belief that an asthmatic may use breathing issues to avoid consequences or stressful situations.　She asserted that the video interview of Suggs wheezing, along with testimony by police describing her breathing difficulties as they attempted to conduct field sobriety tests, would raise an inference that she used her breathing difficulties as a ploy to avoid talking about the accident.

¶4        The superior court did not allow the proposed questions, explaining:

> All of these issues seem to go to issues of credibility that you're certainly free to argue to the jury, and they are so fact specific, that I don't see any real value in asking very general questions about:  Does anybody think that anyone who has asthma would fake difficulties?
>
> So I don't think that they're relevant in terms of *voir dire*.  I think they're issues of credibility and I think they're too fact specific in terms of what you've identified as biases, that it would be difficult without explaining the entire case to the jury to be able to determine whether or not those biases that you're looking for are present in the prospective jurors.
>
> So I understand your arguments, but I still believe that those questions are inappropriate.  So you may ask questions with regard to general prejudice or bias regarding specific factors such as race, age and appearance involving your client.

¶5        The jury found Suggs guilty of all three counts.  The superior court imposed concurrent terms of probation on each count.  Suggs timely appealed.  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1) (2015), 13-4031 (2015) and -4033(A)(1) (2015).[1]

## DISCUSSION

¶6        On appeal, Suggs argues the superior court denied her right to a fair and impartial jury under the United States and Arizona Constitutions when it prohibited her from asking the jury panel her questions about asthma.

¶7        The scope of *voir dire* is entrusted to the discretion of the superior court.  *State v. Smith*, 215 Ariz. 221, 230, ¶ 37 (2007).  We consider the entire *voir dire* proceedings to determine whether the court abused its discretion, and we will not overturn its ruling unless Suggs can show that

---

[1]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

her jury was not fair, unbiased and impartial. *See State v. Moody*, 208 Ariz. 424, 451, ¶ 95 (2004).

**¶8** Suggs argues the court's refusal to allow her proposed questions could have resulted in the selection of a juror with an undisclosed bias against people with breathing problems. We infer she argues that such a juror may think persons with breathing problems may use their breathing issues to avoid answering difficult questions or that such a person's manifestation of a breathing problem during an encounter with police may indicate guilt.

**¶9** Suggs cites *State v. Skaggs*, 120 Ariz. 467, 470 (1978), a case involving an insanity defense and asserted religious bias, in which our supreme court noted that due process requires the superior court to examine an issue if "there was a nexus shown between the prejudice feared and the issues of the case." But Suggs's breathing problems had nothing to do with any issue to be determined by the jury - her breathing issues were not a defense and they did not relate to any element the State was required to prove. Thus, Suggs's argument is not really that jurors might be biased against a defendant with a breathing problem; it is that jurors might think that someone who had an intermittent breathing problem may use it to avoid police questioning, or that manifestation of the breathing problem at a particular moment may suggest guilt. Although in closing, the State argued Suggs's breathing difficulties demonstrated "consciousness of guilt" because she "knew something and didn't want to tell police," that argument went to the issue of Suggs's credibility, which the jury was permitted to determine based on the evidence. Additionally, in the recorded interview shown to the jury, Suggs explained that she uses an inhaler for a breathing condition and cough and that she is getting tested for asthma. Thus, Suggs has not shown a nexus between any asserted prejudice and the issues in this case.

**¶10** The superior court must "ask prospective jurors any question it deems necessary to determine their qualifications and to enable the parties to intelligently exercise their peremptory challenges and challenges for cause." *State v. McMurtrey*, 136 Ariz. 93, 99 (1983); *see also* Ariz. R. Crim. P. 18.5(e). But as the comment to Arizona Rule of Criminal Procedure 18.5 states, "Subsection (e), and the shift of *voir dire* responsibility to the court, are intended to remove entirely the practice of some attorneys of 'conditioning' the jury by means of questions and argument which amount to preliminary instructions on the law and facts of the case." Although case-specific *voir dire* questions are not categorically prohibited, *see State v. Garcia*, 224 Ariz. 1, 8-9, ¶¶ 13-16 (2010), it is improper to use *voir dire* to

"condition the jury to the receipt of certain evidence or to a particular view of the evidence." *McMurtrey*, 136 Ariz. at 99.

**¶11**     The superior court rejected Suggs's questions because they were too fact-specific and it would be difficult to accurately explain their context. The court also stated that the questions went to Suggs's credibility, which the defense was free to address by other means. Further, the court allowed Suggs to question any juror on general prejudice or bias regarding race, age and appearance. Given the superior court's role in controlling the scope and extent of *voir dire*, and given that the questions addressed specific facts of Suggs's case, the superior court did not abuse its discretion in refusing Suggs's questions.

**¶12**     Finally, Suggs has failed to show how she was prejudiced by the jury selection process, i.e., that the jury selected was not fair or impartial. *See Moody*, 208 Ariz. at 451, ¶ 95.

## CONCLUSION

**¶13**     For the foregoing reasons, we affirm Suggs's convictions and terms of probation. We order the judgment of conviction modified to state that Suggs's conviction on Count 3 was for violation of A.R.S. § 28-1381(A)(2), not A.R.S. § 28-1381 (A)(1).



Ruth A. Willingham · Clerk of the Court
F I L E D : ama